# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| JENNIFER JANET TAYLOR, individually and on behalf of all others similarly situated, | CASE NO. 20-cv-0190-LAB-WVG |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO COMPEL ARBITRATION WITHOUT PREJUDICE [Dkt. 17]** |
| vs. | |
| ECLIPSE SENIOR LIVING, INC.; ECLIPSE PORTFOLIO OPERATIONS LLC, and EC OPCO CA PARTNER V LLC, | |
| Defendant. | |

Defendants Eclipse Senior Living, Inc., Eclipse Portfolio Operations LLC, and EC Opco CA Partner V LLC (collectively, "Eclipse") filed a motion to compel arbitration and to dismiss or stay this action. Plaintiff Jennifer Janet Taylor opposes, in part because the arbitration agreement in question doesn't mention any Eclipse entity—it purports to bind, instead, "Elmcroft Senior Living." Eclipse tries to avoid this problem by asserting that Elmcroft is its fictitious name, but if that's so, Eclipse hasn't registered that name with the California Secretary of State and so it can't enforce any agreements signed under that name until it does so. It can't enforce the arbitration agreement

///

against Taylor under the present circumstances, and so the Motion to Compel Arbitration and Stay Proceedings is **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

"From approximately March 2019 to September 2019," Taylor allegedly worked as a nurse for Eclipse at the Grossmont Gardens senior living facility in La Mesa, California. Compl., Dkt. 1 ¶ 12. In January 2019, Eclipse sent Taylor a letter offering her employment "with Elmcroft by Eclipse Senior Living at Grossmont Gardens." Dkt. 17-3 at 9. Taylor signed an employee handbook on February 11, 2019. *Id.* at 12. Among other things, the handbook included a meal period policy, overtime protocol, and an arbitration agreement between her and "the Company," which was defined as "Elmcroft Senior Living."

In September of 2019, Taylor's employment ended. She filed a putative class action against Eclipse four months later, asserting ten causes of action under the Fair Labor Standards Act, the California Labor Code, and the California Business and Professions Code. Eclipse now moves to enforce the arbitration agreement.

## DISCUSSION

The California Secretary of State's Records show that Eclipse is registered in California under the name "Eclipse Senior Living, Inc."[1] "Elmcroft Senior Living," to the extent it is a tradename under which Eclipse operates, is a fictitious business name under California law. Cal. Bus. & Prof. Code § 17900 (defining "fictitious business name," "[i]n the case of a . . . foreign corporation," as "any name other than the corporate name stated in its articles of incorporation filed with the California Secretary of State"). A corporation "regularly transact[ing] business in [California] for profit under a fictitious

---

[1] The Court takes judicial notice of these records. *See* Fed. R. Evid. 201(b), 201(c)(1).

business name" must file a fictitious name statement with the California Secretary of State within 40 days of beginning to transact business under that name. Cal. Bus. & Prof. Code § 17910. If it fails to do so, it may not "maintain any action upon or on account of any contract made, or transaction had, in the fictitious business name in any court of this state until the fictitious business name statement has been executed, filed, and published." Cal. Bus. & Prof. Code § 17918; *see also Platte River Ins. Co. v. P & E Automation, Inc.*, Case No. 12-05778 JGB-AJW, 2013 WL 12123688 (applying Section 17918 in federal court in California). "Noncompliance [with this statute] prevents a fictitiously-named business from enforcing obligations owed to it until it places on record its true nature and ownership." *Hydrotech Systems, Ltd. v. Oasis Waterpark,* 52 Cal. 3d 988, 1001 n.8 (1991). Failure to comply doesn't invalidate a business's agreements, though, it only precludes enforcement of those agreements until the fictitious name is registered. *Id.*

Crediting (for the purposes of this analysis) Eclipse's representation that it signed the agreements, but under the Elmcroft name that it operates under, leads only to the conclusion that Eclipse can't enforce the arbitration agreement, albeit temporarily. It failed to register the Elmcroft name within 40 days of beginning to transact business under that name in California, as required. *See* Dkt. 17-3 at 2 (declaring that Eclipse started to manage Grossmont Gardens under the Elmcroft name on January 21, 2018); Cal. Bus. & Prof. Code § 17910. Since Eclipse is using that name in violation of California law, Cal. Bus. & Prof. Code § 17918, it can't enforce any agreements purporting to bind "Elmcroft Senior Living." *Hydrotech*, 52 Cal. 3d at 1001 n.8. The arbitration agreement that Eclipse seeks to enforce is via its Motion to Compel Arbitration is such an agreement, and so that Motion is **DENIED WITHOUT PREJUDICE**. (Dkt. 17.) Eclipse's response to the Complaint will be due within 21 days of this Order. If Eclipse brings itself into compliance with

California's fictitious-name statutes prior to that deadline, it may renew its motion to compel arbitration by an *ex parte* motion to reconsider this Order based on that change in circumstances.

**IT IS SO ORDERED**.

Dated: March 15, 2021

*Larry A. Burns*
_____
**HON. LARRY ALAN BURNS**
United States District Judge